IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RENEE R.,[1] | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:17-cv-00431 |
| ANDREW SAUL, Commissioner, Social Security Administration,[2] | ) By: Elizabeth K. Dillon<br>United States District Judge |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Renee R. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her claim for social security income ("SSI") disability insurance benefits ("DIB") under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On January 9, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (Dkt. No. 21.) Renee filed a timely objection on January 23, 2019. (Dkt. No. 22, Pl.'s Obj.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Renee's motion for summary judgment, and affirm the Commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–13.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Comm'r of Soc. Sec.*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Renee R.'s Objections**

In her brief to the magistrate judge in support of summary judgment, Renee argued that the ALJ improperly evaluated her mental impairments; that the residual functional capacity (RFC) developed by the ALJ was not supported by substantial evidence; that the ALJ's assessment of her pain allegations was not supported by substantial evidence; and that this matter should be remanded for consideration of new evidence submitted to the Appeals Council. (Dkt. No. 15, Pl.'s Mem.) Renee's objections to the magistrate judge's recommendation largely

reiterate those arguments. (*See* Pl.'s Obj. 2 (arguing that the ALJ improperly evaluated her mental impairments pursuant to SSR 96-8p); *id.* 8 ("The new evidence submitted to the Appeals Council is material and there is a reasonable probability that the ALJ's decision would be changed upon consideration of the evidence.").) In some instances, Renee explicitly references her summary judgment brief. (*See id.* 5 ("In this case, *as argued by plaintiff in her memorandum*, the ALJ also failed to draw any explicit conclusions about how plaintiff's mental limitations affect her ability to perform job-related tasks for a full workday.") (emphasis added); *Id.* ("*As outlined in detail in plaintiff's brief*, the ALJ's assessment of the evidence he used to find plaintiff's allegations were not supported by the evidence is rife with errors as the ALJ ignored evidence or misstated it to support his findings.") (emphasis added).) The court will not address arguments, such as the foregoing, that were thoroughly explored by the magistrate judge.

      The court will, however, address one of the objections raised by Renee. Renee argues that the R&R does not acknowledge that the ALJ failed to evaluate whether pain and fatigue arising from Renee's severe impairments would require breaks during the workday and, if so, how often they would occur. (Pl.'s Obj. 5–6.) This argument misstates the magistrate judge's analysis. Instead, the magistrate judge wrote that Renee's "episodes of fatigue and need for breaks are not severe impairments, but rather complaints she made during the administrative hearing that the ALJ *found unsupported by the record*." (R&R 19 (emphasis added).) The magistrate judge then described the "logical bridge" that the ALJ built between the evidence and his RFC finding. (*Id.* 19–20.) For example, Renee's physicians' notes showed "essentially normal" physical exams, normal gait and normal range of motion in neck and back, and consistent travel to Northern Virginia. (R. 35–38.) In addition, a state agency physician found that Renee could perform light work, including standing and/or walking six hours in an eight-

4

hour workday, and sitting six hours in an eight-hour workday. (R&R 20 (citing R. 38–40).) As the magistrate judge noted, "the record contains no opinion or other document from a physician indicating that Renee has fatigue or pain to the extent that she cannot sit or stand for more than a few minutes at a time, or must lie down during the day." (R&R 20.) The magistrate judge therefore correctly found that the ALJ built an "accurate and logical bridge" from the evidence in the record to his conclusion, and the ALJ's RFC finding is supported by substantial evidence.

## III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Renee's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment and deny Renee's motion for summary judgment.

An appropriate order will be entered.

Entered: August 15, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge